No. 33,292

THE MISSOURI VALLEY TRUST COMPANY, *Appellant*, v. WHITELAW INVESTMENT COMPANY and WILLIAM H. WHITE, *Appellees*.

(66 P. 2d 374)

Opinion filed April 10, 1937.

*W. P. Waggener, J. M. Challiss, O. P. May*, all of Atchison, *R. A. Brown, Jr., R. L. Douglas* and *H. T. Brown*, all of St. Joseph, Mo., for the appellant.

*Ralph U. Pfouts* and *Gerald W. Foley*, both of Atchison, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This was an action to foreclose a real-estate mortgage and a chattel mortgage alleged to have been given to secure

the same indebtedness. There was no defense made with respect to the foreclosure of the real-estate mortgage. As to the chattel mortgage, defendant contended it was without consideration. That issue was submitted to a jury, which specifically found the chattel mortgage to be void for failure of consideration. The trial court approved that finding and rendered judgment accordingly. Plaintiff has appealed, and contends that there was no evidence to sustain that finding, and that its motion to set aside the finding and for judgment foreclosing the chattel mortgage should have been sustained.

In 1925 William H. White desired to build a modern hotel in Atchison. For that purpose he organized the Whitelaw Investment Company, a corporation, and secured a tract of land on which to build the hotel. To finance the enterprise he borrowed $165,000 through certain financial agents in St. Louis. He made a written application for this loan, which, among other things, provided that the indebtedness would be evidenced by bonds secured by a trust deed upon the hotel property, and contained this paragraph:

"It is further agreed that the operating company which shall lease this building shall expend at least $30,000, and that the lease of said operating company and a chattel mortgage on said equipment shall be assigned to the trustee as further security for this loan."

The plaintiff in this action is the trustee named in the trust deed. The trust deed was executed September 1, 1925. The hotel appears to have been constructed and equipped by the latter part of February, 1926, at which time the financial agent at St. Louis prepared and sent to White, to be executed, the chattel mortgage in question. It recited the previous execution of the trust deed,

". . . . and in order to further secure the due and punctual payment of both principal and interest of said bonds aggregating the principal sum of one hundred sixty-five thousand dollars ($165,000), does hereby grant, bargain, sell, convey and confirm unto the trustees, their successors in trust and assigns, all of the furniture, fixtures, rugs, and equipment of any nature whatsoever now installed or hereafter installed on the premises hereinabove described, in trust, however, to be held by said trustees upon the same terms and conditions as the real property conveyed in said above referred to deed of trust recorded in book 199, page 353, with the same force and effect as though the property conveyed herein had been specifically mentioned and conveyed in said deed recorded in book 199, page 353."

This chattel mortgage was dated September 1, 1925, but was actually executed about March 1, 1926, and was later recorded.

The only evidence we find in the record tending to support the defense of failure of consideration is the testimony of Mr. White to the effect that at the time the chattel mortgage was executed the Whitelaw Hotel Company received no money, or any extension or renewal of any obligation, or any waiver on the part of anyone or anything of value; that the bonds had been issued previously and the money derived therefrom had been used in the construction and equipment of the hotel, and that he executed the mortgage simply because the financial agent at St. Louis had requested him to do so in a telephone conversation about February 26, 1926. It seems clear to us that this evidence is insufficient to sustain the defense of lack of consideration. The fact that no money was received at the exact time of the execution of the chattel mortgage is of no consequence in view of the fact that the loan was made upon the agreement, among other things, that the chattel mortgage should be given. The request of the financial agent at St. Louis, made in February, 1926, that defendant give this chattel mortgage, was in harmony with the agreement that it would be given, and justified by it. In addition to that the writing itself imports consideration.

The result is the judgment of the court below must be reversed with directions to set aside the verdict of the jury and to enter judgment and decree foreclosing the chattel mortgage in accordance with the prayer of plaintiff's petition. It is so ordered.